United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jordan Baez,<br>Petitioner<br><br>v.<br><br>Sec'y, Fla. Dep't of Corr.,<br>Respondent. | )<br>)<br>)<br>)  Civil Action No. 22-22532-Scola<br>)<br>) |

## **Order**

Before the Court is Petitioner Jordan Baez's *pro se* petition under 28 U.S.C. § 2254 (ECF No. 1). The Petitioner challenges the constitutionality of his state convictions and sentences on charges of second-degree murder with a deadly weapon and attempted second-degree murder with a deadly weapon. (*See generally id.*).

The Respondent filed a response (ECF No. 7), with an index to appendix (ECF No. 8) including attached exhibits A–R (ECF No. 8-1) and S–X (ECF No. 8-2) and a notice of filing transcripts (ECF No. 9) with attached transcripts (ECF Nos. 9-1–9-13). The Petitioner did not file a reply and the time to do so has passed. The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is dismissed in part and denied in part.

### **1. Background**

On January 16, 2018, a Miami-Dade County jury found the Petitioner guilty on one count of second-degree murder with a deadly weapon and one count of attempted second-degree murder with a deadly weapon. (*See* ECF No. 8-1 at 30–32).[1] He was sentenced to 25-years imprisonment on the murder charge, and to a consecutive term of 20-years imprisonment on the attempted murder charge. (*See id.* at 38–40).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

On direct appeal, the Petitioner raised the following claim:

> THE TRIAL JUDGE ERRED IN OVERRULING DEFENSE COUNSEL'S OBJECTION TO THE STATE'S IMPROPER BURDEN SHIFTING ARGUMENT DURING THEIR CLOSING ARGUMENT.

(ECF No. 8-1 at 52). On February 19, 2020, the state appellate court affirmed the Petitioner's convictions and sentences. *See Baez v. State*, 299 So. 3d 470 (Fla. 3d DCA 2020).

On December 29, 2020, the Petitioner filed a *pro se* Rule 3.850 post-conviction motion with accompanying memorandum of law raising the following three grounds:

> **GROUND ONE**
> INEFFECTIVE ASSISTANCE OF COUNSEL FOR MISADVISING MOVANT ON THE THEORY OF LAW APPLICABLE TO MOVANT'S DEFENSE.
>
> **GROUND TWO**
> INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO OBJECT TO THE SENTENCE AT THE HEARING HELD ON JANUARY 16, 2018.
> (a) Stacking of Mandatory Minimums
> (b) The Sentences Violate the Eight Amendment.
>
> **GROUND THREE**
> COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JURY'S VERDICT WHICH WAS BASED ON A CHARGE NOT CHARGED IN THE INFORMATION ON BOTH COUNTS; SECOND DEGREE MURDER AND ATTEMPTED SECOND DEGREE MURDER.

(ECF No. 8-1 at 129–34). On August 25, 2021, the post-conviction court issued an order striking Petitioner's *pro se* Rule 3.850 motion for "being insufficient to support the relief prayed." (*Id.* at 139). On September 26, 2021, Petitioner filed, through counsel, a pleading styled: Defendant Jordan Baez's supplemental motion to vacate, set aside, or correct sentence pursuant to Fla. R. Crim. P. 3850(a)(1, 6) based on ineffective assistance of counsel and request for

evidentiary hearing, with accompanying exhibits. (*Id.* at 141). The Petitioner raised the following grounds:

**GROUND ONE**
DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS WHERE MR. TOMAS FAILED TO PROPERLY ADVISE DEFENDANT REGARDING THE STATE'S PLEA OFFER, AND WHERE THERE WAS NO REASONABLE JUSTIFICATION OF THIS OMISSION, AND AS A RESULT DEFENDANT WAS SERVERLY PREJUDICED.

**GROUND TWO**
MR. TOMAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO MAKE CONTEMPORANEOUS OBJECTIONS WHEN THE STATE CALLED TWO WITNESSES WHOSE TESTIMONY WAS CONTRADICTED BY THEIR PREVIOUS DEPOSITION TESTIMONY AND THEREBY ALSO FAILED TO PRESERVE POSSIBLE *BRADY* AND *GIGLIO* VIOLATIONS WHICH PREJUDICED DEFENDANT AND VIOLATED DEFENDANT'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL, AND TO A FAIR TRIAL.

**GROUND THREE**
MR. TOMAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL RECOMMENDED TO DEFENDANT THAT HE NOT TESTIFY WHERE DEFENDANT'S TESTIMONY WAS NECESSARY TO REFUTE DAKWAN PERRY'S TESTIMONY THAT DEFENDANT WAS THE SHOOTER WHERE MR. PERRY DID NOT ACTUALLY SEE THE SHOOTING.

**GROUND FOUR**
DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS WHERE TRIAL COUNSEL FAILED TO INVESTIGATE, LOCATE, AND DEPOSE MR DEVON VICKERS WHO POSSESSED EXCULPATORY EVIDENCE, WHERE THERE WAS NO REASONABLE JUSTIFICATION FOR THESE OMISSIONS AND AS A RESULT DEFENDANT WAS PREJUDICED.

**GROUND FIVE**
MR. TOMAS PROVIDED INEFFECTIVE ASSISTANCE OF

COUNSEL BY FAILING TO CALL EMMETT LAWSON AS A DEFENSE WITNESS AT TRIAL AFTER MR. LAWSON TESTIFIED DURING HIS DEPOSITION THAT DAKWAN PERRY AND JAVON KNIGHT HAD ROBBED MR. LAWSON AT GUNPOINT LESS THAN A WEEK BEFORE THE SHOOTING WHICH WOULD HAVE HELPED IMPEACH THEIR TRIAL TESTIMONY, THEREBY CAUSING PREJUDICE TO THE DEFENDANT.

**GROUND SIX**
TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PREPARE A RESPONSE TO THE STATE'S SENTENCING MEMORANDUM, AND AS RESULT TRIAL COUNSEL WAS UNPREPARED TO ADEQUATELY REPRESENT DEFENDANT DURING HIS SENTENCING HEARING HELD ON MAY 17, 2018, THEREBY VIOLATING DEFENDANT'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL, AND A FAIR SENTENCING HEARING.

**GROUND SEVEN**
MR. BAEZ RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS WHERE TRIAL COUNSEL FAILED TO EFFECTIVELY COMMUNICATE WITH DEFENDANT AND ALSO FAILED TO ADEQUATELY FURNISH DISCOVERY, MOTIONS DOCUMENTS TRANSCRIPTS, AND JAIL PHONE CALLS TO DEFENDANT, THEREBY PREJUDICING DEFENDANT AND VIOLATING DEFENDANT'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL, AND A FAIR TRIAL.

**GROUND EIGHT**
MR. TOMAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CHALLENGE THE PROBABLE CAUSE AFFIDAVIT THAT WAS THE BASIS FOR THE SEARCH WARRANT FOR DEFENDANT'S CELLPHONE, HOWEVER MR. TOMAS FILED A MOTION TO SUPPRESS REGARDING THE CELLPHONE ON NOVEMBER 2, 2017 BASED ON THE LACK OF A SEARCH WARRANT AND DID NOT WITHDRAW THE MOTION UNTIL THE MORNING OF DEFENDANT'S TRIAL, NOR DID HE AMEND THE MOTION TO ATTACK THE BASIS FOR THE ISSUANCE OF THE SEARCH WARRANT, THEREBY VIOLATING DEFENDANT'S RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF

COUNSEL, AND A FAIR TRIAL.

(*Id.* at 148–76). The state postconviction court denied the motion on March 9, 2022. (*See* ECF No. 8-2 at 130–41). The state appellate court per curiam affirmed the trial court's denial of the motion on May 25, 2022. *See Baez v. State*, 341 So. 3d 322 (Fla. 3d DCA 2022).

The instant petition was docketed on August 10, 2022.

## 2. Legal Standard

**Deference Under § 2254**

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect

counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of

*Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Discussion

#### a. Timeliness

The Respondent concedes, and the Court confirms, that the petition was timely filed. (*See* ECF No. 7 at 14).

#### b. Exhaustion/Procedural Default

A federal district court may not grant habeas corpus relief under 28 U.S.C. § 2254 unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). The State must be given "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). The prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. *Id.* In Florida, exhaustion is ordinarily accomplished on direct appeal; and if not, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979). The Respondent asserts that Grounds One and Two are unexhausted and procedurally defaulted. The Court will address Grounds One and Two below along with equitable exceptions to the procedural default rule.

#### Ground One

The Petitioner claims "Ineffective Assistance of Counsel for failure to object and/or (*sic*) to States Amendment of the information during trial." (ECF No. 1 at 5). The Petitioner did not raise this issue on direct appeal,[2] nor did he raise it in his initial or supplemental Rule 3.850 motions. The Petitioner agrees that he did not "raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court[.]" (ECF No. 1 at 6). Moreover, under Florida procedural rules, any future attempt at exhaustion would be futile. *See*

---

[2] Generally, claims of ineffective assistance of counsel are not cognizable on direct appeal. *See Desire v. State*, 928 So. 2d 1256, 1257 (Fla. 3d DCA 2006). The Court thus focuses on the claims raised in the Petitioner's Rule 3.850 motions.

Fla. R. Crim. P. 3.850(b). Ground One is thus dismissed as procedurally defaulted.

### Ground Two

The Petitioner claims the "[t]rial [c]ourt lacked jurisdiction to enter the judgment or impose sentence." (ECF No. 1 at 6). Although Ground Two presents a factual foundation like Ground Three of the Petitioner's initial Rule 3.850 Motion, the legal basis is different. (*Compare* ECF No. 8-1 at 134–36 *with* ECF No. 1 at 6–7). The claim presented here is couched in term of a federal due process violation, while the one presented in the state forum was based on counsel's ineffectiveness. (*See id.*). While a verbatim restatement of the claim brought in state court is not required, the Petitioner is required to present his claim to the state court "such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344–45 (11th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 277, (1971)). The Petitioner failed to do so here. Therefore, Ground Two is dismissed as procedurally defaulted.

### Equitable Exceptions

There are two equitable exceptions to the procedural default rule: "cause and prejudice" and "actual innocence." *Dretke v. Haley*, 541 U.S. 386, 393 (2004). Petitioner bears the sole burden of proving that either one of these exceptions would excuse a procedural default. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]"). The Court concludes that the Petitioner fails to establish that either of these exceptions excuses his procedurally defaulted claims. (*See generally* ECF No. 1).

### c. The Merits

The Court proceeds to address the merits of remaining Grounds Three through Six.

### Ground Three

The Petitioner claims that during his trial:

> [T]he State called two critical and material witnesses, Dakwan Perry and Javon Knight which [the] State knew, or should have known, would offer testimony at trial, in the presence of the jury which was completely different from what they had previously testified to under oath and entirely different from their witness accounts as part of the State[']s discovery.

(ECF No. 1 at 9). The Petitioner asserts his "[t]rial [c]ounsel was deficient in failing to make contemporaneous objections" to the witnesses' testimony. (*Id.* at 8). In rejecting this ground, the state post-conviction court stated as follows:

> First, the record reflects that the State did not have contact with both witnesses and did not know whether they would testify at trial.
>
> **Dakwan Perry**
> The State filed a Petition for Material Witness Bond and Writ of Attachment on Dakwan Perry in order to have the trial court assist in securing the witness for trial. See Order Setting Material Witness Bond and Writ of Attachment, attached. Dakwan Perry was arrested on the writ after the trial had begun. T.T. 341. The Defendant alleges Dakwan Perry changed his testimony and there should have been a contemporaneous objection by the defense. The Defendant fails to state what the objection should have been. Defense counsel impeached the witness on cross examination and effectively did so. The alleged change was not a change in testimony, at best, it was an omission and defense counsel fully exploited that:
>
>> Mr. Tomas: Mr. Perry, back in 2016, I asked you about all this, and at no point did you say you were there and you saw your friend steal this gun; isn't that correct?
>> Mr. Perry: Yes.
>> Mr. Tomas: So today for the first time you're saying that you were there, and you saw this happen, is that right?
>> Mr. Perry: Yes.
>
> T.T. 421:8-14. Regardless of whether Dakwan Perry witnessed Javon Knight steal the Defendant's firearm or

> heard rumors about it, the substance of his statement that he had knowledge that Javon Knight had stolen a firearm from the Defendant-remained the same. The motive for the shooting, retaliation for the theft of the gun, was never in question. Defense counsel was aware of this fact. This shift in testimony is not *Brady* because it was an nonmaterial collateral matter not relevant to the elements of the crime charged. The change in testimony does not exculpate the Defendant in any way, therefore, it is not *Brady.*
>
> To establish a *Giglio* violation, it must be shown that the statement was material. Here, the alleged change in testimony was not a material fact. *Guzman v. State,* 941 So. 2d 1045, 1050 (Fla. 2006) (internal citations omitted). Even if the trial court finds that this change was *Giglio* material, the Defendant fails to show under *Strickland* that there was a reasonable probability that the result would have been different because the Defendant was unaware of this fact. The record reflects the defense thoroughly impeached the witness on this issue (T. T. 419 421) and focused on his lack of credibility in closing argument. T. T. 900-901, 906-908. For these reasons, this claim is denied without an evidentiary hearing.
>
> **<u>Javon Knight</u>**
> Similar to Dakwan Perry, the State did not know whether Javon Knight would be testifying and did not have good contact with the witness: [L]ike Mr. Perry, [we] do not always have good contact ...[s]o in full disclosure, he may or may not be here. He's under State's subpoena. "T.T. 531:9- 12. Javon Knight was not an eyewitness to the homicide. The Defendant's motion does not identify what was the change in testimony pertaining to this witness and therefore, fails to show how counsel was ineffective for failing to object to his testimony. For these reasons, this claim is denied without an evidentiary hearing.

(ECF No. 8-2 at 136–37). The state appellate court affirmed the post-conviction court's denial of this claim. *See Baez v. State,* 341 So. 3d 322 (Fla. 3d DCA 2022). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d). Ground Three is thus denied.

**Ground Four**

The Petitioner asserts his counsel was ineffective for failing "to investigate, locate, and depose Mr. Devon Vickers who possessed exculpatory evidence[.]" (ECF No. 1 at 10). He claims he was prejudiced because Mr. Vickers would have testified that he did not have the gun. (*See id.* at 11). Having reviewed the record in full, the Court finds nothing unreasonable with the state courts' rejection of this claim. *See* 28 U.S.C. § 2254(d).

"[C]omplaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and allegations of what a witness would have testified are largely speculative." *Shaw v. United States*, 729 F. App'x 757, 759 (11th Cir. 2018) (cleaned up). In assessing a claim of ineffective assistance of counsel, "which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that the court will seldom, if ever, second-guess." *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009) (cleaned up). It was thus reasonable for the state court to reject Petitioner's speculative claim of prejudice concerning the testimony of uncalled witnesses, and this claim is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

**Ground Five**

The Petitioner claims his counsel was ineffective for failing to effectively communicate with him and failing to "adequately furnish Discovery, Motions, Documents, Transcripts and Jail Phone Calls" to him. (ECF No. 1 at 12). The state post-conviction court rejected the claim, stating as follows:

> The court file and record are devoid of any time where the Defendant complained of inadequate representation by his counsel. The Defendant never filed any motion nor requested a Nelson hearing. The Defendant cannot now allege after he has been convicted that he was unhappy with his representation before trial. The Defendant fails to show there is a reasonable probability that the result would have been different had his counsel had more communication with him under Strickland. Therefore, this claim is denied.

(ECF No. 8-2 at 139–40). The state appellate court affirmed the post-conviction court's denial of this claim. *See Baez v. State*, 341 So. 3d 322 (Fla. 3d DCA 2022). The Court finds nothing unreasonable with the state courts' rejection of this claim, *see* 28 U.S.C. § 2254(d), and Ground Five is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### Ground Six

The Petitioner asserts his trial counsel was ineffective for "failing to challenge the probable cause affidavit that was the basis for the search warrant for the [Petitioner's] cell phone." (ECF No. 1 at 14). The state post-conviction court rejected the claim, stating:

> Defense counsel in this case filed a Motion to Suppress the contents from the Defendant's cell phone. On the day of trial, defense withdrew the motion and stated that he had filed it not knowing that a search warrant had been obtained in order to search the cell phone. Therefore, he withdrew the motion once he learned of the existence of the search warrant. The Defendant is suggesting that trial counsel should have argued the motion even though he believed it would have been frivolous. The Defendant in the instant motion does not allege there was a lack of probable cause in the affidavit for search warrant. The Defendant makes a baseless claim and therefore this ground is denied.

(ECF No. 8-2 at 140). The state appellate court affirmed the post-conviction court's denial of this claim. *See Baez v. State*, 341 So. 3d 322 (Fla. 3d DCA 2022). The Court finds nothing unreasonable with the state courts' rejection of this claim, *see* 28 U.S.C. § 2254(d), and Ground Six is denied under the performance and prejudice prongs of *Strickland*, 466 U.S. at 687–88.

### d. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299,

1318-19 (11th Cir. 2016). Here, the record refutes the Petitioner's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [the Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### e. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, Petitioner Jordan Baez's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **dismissed** in part and **denied** in part. Grounds One and Two are **dismissed** as procedurally defaulted. Grounds Three, Four, Five, and Six are **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, the Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** the case.

**Done and ordered**, in chambers, in Miami, Florida, on April 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

<u>*Copies, via U.S. Mail, to*</u>
Jordan Baez
F01007
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428
PRO SE